IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>425 Third Street, SW, Suite 800<br>Washington, D.C. 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. AIR FORCE,<br>1000 Air Force Pentagon<br>Washington, DC 20330-1000,<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Air Force to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff

regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the U.S. Government and is headquartered at 1000 Air Force Pentagon, Washington, DC 20330-1000. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 25, 2011, Plaintiff submitted a FOIA request to Defendant, by facsimile and certified mail, seeking access to the following public records:

    (i) All records concerning mission taskings of First Lady Michelle Obama's August 2010 trip to Spain;

    (ii) All records concerning transportation costs for Mrs. Obama's August 2010 trip to Spain; and

    (iii) All passenger manifests (DD-2131) for Mrs. Obama's August 2010 trip to Spain.

6. According to U.S. Postal Service records, the copy of the request sent by certified mail was received by Defendant on August 30, 2011.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Because Plaintiff sent its request to the component of Defendant designated by Defendant to receive FOIA requests, pursuant to 5 U.S.C. § 552(a)(6)(A) this twenty (20) working day time period did not commence until ten (10) working days after Defendant's receipt of the request on August 30, 2011. Accordingly, Defendant's determination was due by October 13, 2011 at the latest.

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested record or otherwise demonstrate that the requested records are exempt from production.

9. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  March 5, 2012                    Respectfully submitted,

                                         JUDICIAL WATCH, INC.

                                         /s/ Paul J. Orfanedes
                                         Paul J. Orfanedes
                                         D.C. Bar No. 429716

                                         /s/ David F. Rothstein
                                         David F. Rothstein
                                         D.C. Bar No. 450035
                                         425 Third Street, S.W., Suite 800
                                         Washington, DC 20024
                                         (202) 646-5172

                                         *Attorneys for Plaintiff*